**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2361

———————

In Re:  FRANK J. MARCONE,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-08-mc-00164
District Judge: The Honorable Harvey Bartle, III

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2010

Before: AMBRO, SMITH, and ALDISERT, *Circuit Judges*

(Filed: September 23, 2010 )

———————

OPINION

———————

SMITH, *Circuit Judge.*

By order dated April 30, 2009, the United States District Court for the Eastern

District of Pennsylvania suspended Frank J. Marcone from the practice of law in its court

for a period of two years.  Marcone filed an appeal of that order on May 6, 2009, raising

1

two arguments for reversal.[1]

Prior to Marcone's suspension by the District Court, the Pennsylvania Supreme Court had suspended him from the practice of law. During this period of suspension, in early 2006, Marcone provided legal services to a real estate broker regarding a real estate transaction that fell apart. These services included the preparation of a release regarding the escrow, and a conference with and letter to the buyer's counsel. These efforts to resolve the dispute regarding the return of the escrow were not productive, and the buyer of the real estate initiated a civil action in the latter part of 2006 against the broker in the United States District Court for the District of Columbia. Subsequently, in September of 2007, the civil action was transferred to the Eastern District of Pennsylvania, which was the situs of the real estate. At this point, in light of the Pennsylvania Supreme Court's suspension of Marcone's license to practice law, the Magistrate Judge presiding over the case questioned the propriety of Marcone's representation of the broker prior to the initiation of litigation and before the action was transferred to the Eastern District of Pennsylvania. Marcone claimed that he was entitled to render legal services to the broker because he had a "federal license" by virtue of his admission to practice law in the Eastern District of Pennsylvania. The District Court did not dispute that Marcone had been admitted to practice in the Eastern District of Pennsylvania and was entitled to

---

[1] Marcone also identifies as a third issue whether the District Court had subject matter jurisdiction. This argument lacks merit as a district court "has the inherent authority . . . to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). Appellate jurisdiction exists under 28 U.S.C. § 1291. *Id.* Because Marcone's first two arguments raise issues of law, our review is plenary. *Id.*

provide legal services to clients involved in litigation in that court. The Court concluded, however, that Marcone's license to practice law before the Eastern District of Pennsylvania did not authorize him to render legal services to clients who are neither parties to an action in the Eastern District nor intending to prosecute an action in that court. As a result, the Court decided that Marcone had engaged in the unauthorized practice of law, determined that discipline was warranted, and suspended Marcone from the practice of law before it for a two year period.

Relying on *Sperry v. State of Florida*, 373 U.S. 379 (1963), Marcone contends that the District Court erred because his "federal license" to practice in the Eastern District of Pennsylvania provided him with a "safe pass" to practice law even though his Pennsylvania license had been suspended. In *Sperry*, the Supreme Court determined that the Supremacy Clause precluded the State of Florida from enjoining a nonlawyer, who was registered to practice before the United States Patent Office, from engaging in certain activities associated with patent law. 373 U.S. at 385. The Supreme Court vacated Florida's injunction insofar as it "prohibit[ed] [the registered practitioner] from performing tasks which are incident to the preparation and prosecution of patent applications before the Patent Office." *Id.* at 404.

In *Surrick v. Killion*, 449 F.3d 520 (3d Cir. 2006), we observed that *Sperry* "stands for the general proposition that where federal law authorizes an agent to practice before a federal tribunal, the federal law preempts a state's licensing requirements to the extent that those requirements hinder or obstruct the goals of federal law." *Id.* at 530. Here, the

3

federal law authorized Marcone to practice law only before the District Court for the Eastern District of Pennsylvania. Yet Marcone relied on his admission to the Eastern District bar to provide legal services in a matter that had no connection with litigation either pending in the Eastern District or intended to be prosecuted before that Court. Accordingly, we conclude that the District Court did not err in applying *Sperry* and in determining that Marcone engaged in the unauthorized practice of law when he rendered the legal services to the real estate broker.

Marcone also contends that the District Court proceedings violated his right to due process in several respects. First, he asserts that his right to due process was violated because the District Court panel that recommended his suspension merged its investigative and judicial functions. As support for his contention, Marcone relies on *Lyness v. State Board of Medicine*, 605 A.2d 1204, 1210 (Pa. 1992). *Lyness* is not helpful as it addresses due process under the Pennsylvania Constitution. Under the federal Constitution, however, the "combination of investigative and adjudicative functions does not, without more, constitute a due process violation[.]" *Withrow v. Larkin*, 421 U.S. 35, 58 (1975). Here, Marcone has failed to adduce any evidence of a due process violation. *Id.* Second, Marcone complains that he was not afforded an opportunity to be heard. The record before us confirms, however, that there was a hearing in this matter on December 28, 2008. Third, Marcone submits that he was deprived of a fair and unbiased hearing because Judge Padova did not recuse himself. Yet Marcone's request for Judge Padova's recusal was withdrawn by counsel at the December 28th hearing. Moreover, we discern

4

no basis for recusal on this record.  In light of the foregoing, we conclude that Marcone's

due process rights were not violated.

We will affirm the District Court's order dated April 30, 2009.